UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN LUNA,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INS. CO., et al.,<br><br>    Defendants. | No. 2:21–cv–733–WBS–KJN<br><br>ORDER GRANTING IFP REQUEST<br><br>(ECF No. 2.) |

    Plaintiff requested leave to proceed in forma pauperis ("IFP").[1] See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). Plaintiff's affidavit makes the required showing, and so the request to proceed IFP is granted. See, e.g., Ketschau v. Byrne, 2019 WL 5266889, *1 (W.D. Wash. Oct. 17, 2019) ("A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life . . . This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance.").

    The determination a plaintiff may proceed in forma pauperis does not complete the required inquiry. Under Section 1915, the court must dismiss the case if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

which relief may be granted, or seeks monetary relief against an immune defendant. Further, federal courts have an independent duty to assess federal subject matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

Liberally construed, plaintiff's complaint asserts a claim for breach of an ERISA plan pursuant to 29 U.S.C. §1132(e). (See, generally ECF No. 1.) The court has jurisdiction over this federal question, and based on the limited record, the court cannot conclude the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. This order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Rule 12 or other appropriate method. Accordingly, the court orders service of the complaint on defendant.[2]

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Service of the complaint is appropriate for the named defendants;
3. The Clerk of Court shall issue all process, and plaintiff shall effectuate service on defendants, as governed by Rule 4 of the Federal Rules of Civil Procedure; and
4. This matter is referred back to the assigned district judge.

Dated: April 29, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

luna.733

---

[2] Plaintiff requests the court refrain from ordering service through the U.S. Marshal, as she plans to send a waiver of service to defendant. (See ECF No. 2.) The court accedes to plaintiff's request.

2